Cazet *v.* Field.

## ERNEST CAZET *vs.* HORATIO FIELD.

A negotiable promissory note, given for intoxicating liquors sold in this commonwealth contrary to *St.* 1852, c. 322, is valid in the hands of one who took it before maturity, for a valuable consideration, and without notice of the illegality, notwithstanding the provision of § 19 of that statute, declaring that all payments and compensations for intoxicating liquors illegally sold "shall be deemed to be received in violation of law, without consideration, against law, equity and good conscience."

ACTION OF CONTRACT on a negotiable promissory note, made at Taunton, on the 17th of October 1854, payable to Orringe D. Day or order, and by him indorsed to the plaintiff, a merchant in New York. The consideration of the note was intoxicating liquors sold by Day to the defendant in this commonwealth contrary to *St.* 1852, *c.* 322. But the note was indorsed to the plaintiff before it was due, for a valuable consideration, and without notice of the original unlawful contract. The case was submitted to the decision of the court upon the foregoing facts, and others not material to the understanding of the point decided.

*C I. Reed*, for the plaintiff.

*E H. Bennett*, for the defendant. A note, made void by statute, is void, even in the hands of a *bona fide* holder. *Bowyer* v. *Bampton*, 2 Stra. 1155. *Lowe* v. *Waller*, 2 Doug. 736. *Unger* v. *Boas*, 11 Penn. State R. 601. So is a note made void by the common law, such as a note given to compound a felony. *Bell* v. *Wood*, 1 Bay, 249. A statute may make a note void by necessary implication, as well as by express words Story on

Notes, § 192. *Territt* v. *Bartlett*, 21 Verm. 184. On this prin-
ciple, notes made on Sunday have been held void in the hands
of an indorsee. *Allen* v. *Deming*, 14 N. H. 133. *Goss* v. *Whit-
ney*, 27 Verm. 272. *Pattee* v. *Greeley*, 13 Met. 284. The *St.*
of 1852, *c.* 322, § 19, declares that " all payments or compensa-
tions for liquors sold in violation of law, whether in money,
labor or personal property, shall be held and considered to have
been in violation of law, without consideration, and against
law, equity and good conscience." These words are equivalent
to the word " void." The object of the statute is not merely to
protect the purchaser, or even to punish the seller, but to dis-
courage the traffic; and this object would be evaded by allow-
ing the purchaser indirectly to receive the price of the liquors
by negotiating the note to a third person.

SHAW, C. J. The question in this case is, whether, upon
this note given for the price of liquors sold here in violation of
the law of this commonwealth, the plaintiff, having taken it with
no notice of the illegality, can maintain this action, and we are
all of opinion that he can.

The principle upon which this defence is authorized is that a
party cannot recover who is in the wrong himself. It is some-
times said that he cannot give a better title than he himself
holds. But this is not true. In the case of a conveyance of
real estate to defraud creditors, the grantee cannot hold, but one
who takes it from him without notice may. But the law goes
further in favor of commerce, and gives a high degree of char-
acter and honor to bills of exchange and promissory notes in
the hands of an indorsee without actual or constructive notice
of anything affecting their validity or credit. If he takes it
overdue, that should put him on inquiry why it had not been
paid. And it must be taken in the ordinary course of business,
and not under unusual circumstances.

This general rule is taken with some exceptions. The pro-
visions of some statutes against usury and gaming made notes
given in violation of the statute void, even in the hands of an
indorsee. *Kendall* v. *Robertson*, 12 Cush. 158. *Bowyer* v.
*Bampton*, 2 Stra. 1155. But in those cases the statute declared

that the note should be absolutely null and void, to all intents and purposes, or, as is sometimes said, applied to the contract and not to the party. Without citing numerous authorities, the recent case of *Williams* v. *Cheney*, 3 Gray, 222, is precisely in point. *Judgment for the plaintiff.*